IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-277-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ANTONIO DESHAWN PITT, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a North Carolina State Trooper assigned to a task force of the Federal Bureau of Investigation. Defendant presented the testimony of the proposed third-party custodian, his grandfather. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a two-count indictment on 24 November 2014 with: armed robbery of a federally insured credit union in violation of 18 U.S.C. § 2113(a) and (d) (ct. 1); and using and carrying a firearm during and in relation to a crime of violence and possessing said

firearm in furtherance of said crime of violence and brandishing the firearm in violation of 18 U.S.C. § 924(c) (ct. 2). The alleged offense date in each count is 7 July 2014. The evidence presented at the hearing showed that on the alleged offense date defendant entered a credit union wearing a wig and sunglasses. He jumped the counter; brandished the firearm at issue, a loaded .38 caliber handgun; stole $20,000 in cash; fled on a bicycle to a wooded area where his car was located; discarded the wig; and drove away. A dye pack with the cash exploded shortly after defendant left the bank, resulting in his leaving most of the cash behind scattered on the ground. After bank surveillance photographs of defendant were made public, a confidential source identified defendant and he was apprehended. A search of his car yielded the subject handgun.

In his initial statement to police, defendant admitted that the wig, sunglasses, and bicycle were his, but claimed that a friend committed the robbery. He later admitted to the robbery, which he stated that he had been planning for a month. He also informed police that he attempted to use a portion of the cash he retained to buy drugs, but the drug dealer would not accept the money because it had dye stains on it.

Defendant was discharged from the Army in December 2013 for marijuana use. On 11 April 2014, while on pretrial release for a series of Georgia and North Carolina misdemeanor and felony charges incurred since his release from the Army, defendant was charged with felony possession of PCP. Notably, defendant told the probation officer interviewing him for the pretrial services account that he had experimented with PCP on only one occasion when he was 19 (he is currently 20). In addition to a history of drug abuse, defendant has a significant mental health history.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the violent nature of the offenses charged; the circumstances of the offenses charged, including their recency, defendant's brandishing of a loaded gun, the substantial term of imprisonment defendant faces if convicted, and defendant's commission of the alleged offenses while on pretrial release for the series of Georgia and North Carolina state incurred after his discharge from the Army; defendant's criminal record including his conviction in the Army for marijuana use and the referenced pending state charges; the danger of continued violent offense conduct by defendant if released; defendant's mental health and substance abuse history; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private

consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 5th day of December 2014.

James E. Gates
United States Magistrate Judge

4

Case 5:14-cr-00277-D   Document 16   Filed 12/08/14   Page 4 of 4